2 Dec.
530-

# DAMAGES FROM STREET IMPROVEMENT.

[Cuyahoga County Circuit Court, January Term, 1893.]

THE CITY OF CLEVELAND, IN ERROR, v. SARAH HYLAND.

RECOVERY MUST BE LIMITED TO AMOUNT CLAIMED.

Where an owner of a lot bounding or abutting upon a street improvement files a claim for damages by reason of the improvement, under section 2315, Revised Statutes, he is limited by the amount he fixes in his claim, irrespective of what they are, and cannot recover anything in excess of the amount of such claim.

HALE, J.

As to the amount that might be recovered the court below charged as follows: "I say to you that the claims which are filed here are not conclusive upon the parties as the amount which they may recover. They are entitled to recover what the damages actually are." That presents the question whether the jury in the assessment of damages was limited to claims filed by these the several claimants; and that is about all there is of importance in the case except the case itself. We are cited to no authorities bearing upon the question directly and hardly remotely.

Section 2315 of the Revised Statutes provides as follows: "An owner of a lot, or of land, bounding or abutting upon a proposed improvement, claiming that he will sustain damages by reason of the improvement, shall, within two weeks after the service or the completion of the publication of the notice mentioned in section twenty-three hundred and four, file a claim in writing, with the clerk of the corporation, setting forth the amount of damages claimed, together

with a general description of the property with respect to which it is claimed the injury will accrue; an owner who fails to do so shall be deemed to have waived the same, and shall be barred from filing a claim or receiving damages."

As at present advised we are disposed to hold that statute valid in all respects. If no claim for damages has been filed it is waived, and no assessment of damages can be made to the lot owner. If the lot owner files his claim for damages and fixes the amount that he claims, we see no reason why he should not be held and deemed to have waived any further claim than that which he makes in the claim filed.

*Meyer, Kelley, Kam & Mooney*, Attorneys for Plaintiff in Error.

*Brinsmade, Reynolds & Brinsmade*, Attorneys for Defendant in Error.